

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1137-15

**SIR MELVIN WRIGHT, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FIFTH COURT OF APPEALS
## DALLAS COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, RICHARDSON and YEARY, JJ., joined. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. NEWELL, J., concurred.

On direct appeal from the revocation of "regular" community supervision, appellant contended that his sentence was illegal. Before us, appellant contends that the court of appeals erred in applying the habeas harm analysis from *Ex parte Parrott*[1] to his case on direct appeal. We reject appellant's complaint because his illegal-sentence claim on direct appeal from his revocation proceeding was a collateral attack on the judgment from the original plea proceeding. Consequently,

---

[1] 396 S.W.3d 531 (Tex. Crim. App. 2013).

we affirm the judgment of the court of appeals.

## I. BACKGROUND

### A. Trial Proceedings

Appellant was indicted for failing to register as a sex offender. The allegations in the indictment conformed with Article 62.102(b)(1), which made the offense a state jail felony.[2] The offense could be punished as a third degree felony if it were shown that the defendant had been previously convicted of failing to register as a sex offender,[3] and the heading of the indictment listed the charge as "FAIL REG SEX OFFEND ENH F3," but the indictment did not include such an enhancement paragraph, and the State did not serve a separate pleading making such an allegation.[4]

At the plea hearing, the trial court informed appellant that he was charged with failure to register as a sex offender and that the offense was a third degree felony, carrying a punishment range of two to ten years in the penitentiary and an optional fine not to exceed $10,000. Appellant pled guilty to this charge. The plea papers contained a waiver paragraph in which appellant stated, "I hereby waive my right to be tried on an indictment returned by a grand jury [and] any and all defects, errors, or irregularities, whether of form or substance, in the charging instrument."

During testimony, appellant acknowledged that he "had a problem with this once already back in 2008," that he "already had problems with the criminal justice system for failing to comply with [his] sex offender requirements," and that he had "been in trouble before with this case." In

---

[2] *See* TEX. CODE CRIM. PROC. art. 62.102(b)(1).

[3] *See id.* art. 62.102(c).

[4] *See Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) ("prior convictions used as enhancements must be pled in some form, but they need not be pled in the indictment").

closing arguments, defense counsel acknowledged that appellant had "no good reason for failing to register once, let alone twice" but asked for mercy for his client. Stating that appellant "failed to do it twice, back here a second time" and that he "didn't learn anything last time," the prosecutor urged the trial court to sentence appellant to the penitentiary.

The trial court convicted appellant of failing to register, as a third degree felony. The court assessed a sentence of ten years in prison but suspended the imposition of sentence and placed appellant on community supervision for five years. Appellant made no complaint at the hearing about being sentenced as a third degree felon, and he did not appeal his conviction.

The State later filed a motion to revoke community supervision. Appellant pled true to the allegations in the motion, and the trial court revoked appellant's community supervision.[5] The court reduced appellant's sentence from ten years to five years.[6] At the revocation hearing, appellant did not complain about being sentenced as a third degree felon.

### B. Appeal

Appellant appealed from the revocation and asserted that his sentence was illegal because it exceeded the period of confinement allowed for a state jail felony, which was two years.[7] He contended that his punishment should not have been enhanced to third degree because the indictment

---

[5] This was the State's second motion to revoke. In proceedings on the State's first motion to revoke, the trial court found the allegations to be true but chose to continue appellant's community supervision.

[6] *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(a) ("the judge may . . . reduce the term of confinement originally assessed to any term of confinement not less than the minimum prescribed for the offense of which the defendant was convicted.").

[7] *See Wright v. State*, No. 05-14-00641-CR, 2015 Tex. App. LEXIS 8161, *3 (Tex. App.–Dallas August 4, 2015) (not designated for publication).

did not allege a prior conviction, he was not otherwise given notice of a prior conviction, he did not plead true to a prior conviction, and the State did not prove a prior conviction.[8]  Appellant did not dispute that his sentence would be within the range of punishment if a prior conviction for failure to register were pled and proved for enhancement purposes, and he did not dispute that he in fact had such a prior conviction.[9]

The court of appeals observed that an appeal from an order revoking probation is generally limited to the propriety of the revocation and does not include a review of the original conviction.[10] But, the court of appeals said, "a sentence outside the range of punishment is void and may be challenged at any time."[11]  The court held, however, that an appellant must show that his sentence was "actually illegal" and that a sentence is actually illegal only if "the conviction was unavailable for enhancement."[12]  The court found that neither the complaint about the State's failure to provide notice nor the complaint about defects in the evidence show that his prior conviction could not be used to enhance his punishment.[13]  The court concluded that appellant failed to show that his sentence was illegal.[14]  In its illegal-sentence discussion, the court of appeals cited to *Ex parte*

---

[8]  *See id.* at *4.

[9]  *See id.*

[10]  *Id.*

[11]  *Id.*

[12]  *Id.* at *5.

[13]  *Id.*

[14]  *Id.*

*Parrott* and *Ex parte Rich*[15] several times as "*see*" and "*cf.*" cites.[16]

## II. ANALYSIS

In *Ex parte Parrott*, we held that a post-conviction habeas applicant who raises an illegal-sentence claim must show harm.[17]   Harm is not shown if the applicant's actual criminal history would supply the prior conviction or convictions needed to support the sentence.[18]   In *Parrott*, we also discussed and harmonized the holding in *Ex parte Rich*.[19]   Appellant contends that the court of appeals erred to apply the habeas analysis for harm set out in *Ex parte Parrott* and *Ex parte Rich* to his case because his case is a direct appeal.

It is true that the present proceeding is a direct appeal.  But it is a direct appeal of revocation proceedings, not a direct appeal of appellant's original conviction.  In the "regular" community supervision context, sentence is assessed when a defendant is placed on probation.[20]   The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a

---

[15]  194 S.W.3d 508 (Tex. Crim. App. 2006).

[16]  *Wright*, 2015 Tex. App. LEXIS 8161, at *4-5.

[17]  396 S.W.3d at 534.

[18]  *Id.* at 536-37.

[19]  *See id.* at 535-36.

[20]  TEX. CODE CRIM. PROC. art. 42.12, §§ 2(B) (defining regular probation as when "a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part"), 23 (on revocation of regular community supervision, "the judge may proceed to dispose of the case as if there had been no community supervision" or may reduce the term of confinement if determined to be in the best interest of society and the defendant).  *See also Huskins v. State*, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (contrasting deferred adjudication with regular community supervision).

collateral attack and is not allowed.[21]  Appellant says that he is complaining about the illegality not only of the initial assessment of sentence but also of his "final sentence at his revocation hearing," but the only defect he claims is the initial assessment of sentence at the time community supervision was imposed.  He does not claim any new defect in the imposition of sentence upon revocation.  The initial assessment of sentence is what appellant is challenging, and a challenge to the initial assessment of sentence in an appeal from the later revocation is a collateral attack on the assessment of sentence.

There were two historical exceptions to the general prohibition against collateral attacks on an original conviction in appeals from a revocation:  the "void judgment" exception and the "habeas corpus" exception.[22]  The "void judgment" exception requires that the claimed defect be one that renders the original judgment of conviction void.[23]  And by void, the exception means a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question."[24]  In *Nix v. State*, we listed four situations in which a judgment of conviction in a criminal case is void and said, "[w]hile we hesitate to call this an exclusive list, it is very nearly so."[25]  "Illegal sentence"

---

[21]  *Corley v. State*, 782 S.W.2d 859, 860 n.2 (Tex. Crim. App. 1989); *Dinnery v. State*, 592 S.W.2d 343, 350-51 (Tex. Crim. App. 1980) (op. on reh'g); *Ramirez v. State*, 486 S.W.2d 373, 374 (Tex. Crim. App. 1972).  *See also Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001).

[22]  *Nix*, 65 S.W.3d at 667.  *Nix* was an appeal from the revocation of deferred adjudication, but the exceptions identified in *Nix* were derived from cases that resolved appeals from the revocation of regular community supervision.  *Id.*

[23]  *Nix*, 65 S.W.3d at 667-68.

[24]  *Id.*

[25]  *Id.* at 668.

was not one of the four situations listed.[26]

Even if we were to assume that an illegal sentence could, in appropriate circumstances, render a judgment void, a sentence that can be upheld on habeas because the defendant has failed to show harm is not void under *Nix*. In *Parrott*, we explained that even if Parrott's sentence was illegal because of the failure to properly enhance with a prior conviction, the error was harmless because his actual criminal history supported the range of punishment within which he was sentenced and admonished.[27] Such a sentence is not a "nullity" that is "accorded no respect." If a defendant would lose on habeas under *Parrott*, then he necessarily fails to satisfy the "void judgment" exception. And the void judgment exception requires that "the record leave no question" about the existence of a defect that renders the judgment void.[28] So if the record available in the revocation appeal leaves open the possibility that the defendant would lose on habeas under *Parrott*, then the defendant has necessarily failed to satisfy the "void judgment" exception.

The "habeas corpus" exception allowed a defendant to litigate, at a revocation hearing, any claims that would be cognizable on a writ of habeas corpus.[29] We abrogated the "habeas corpus"

---

[26] *See id.* The four situations were: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence (not merely insufficient evidence) to support the conviction, and (4) an indigent defendant is required to face criminal trial proceedings without appointed counsel, when such has not been waived in violation of the right to counsel for indigent defendants. *Id.* at 668 & nn. 12-15.

[27] 396 S.W.3d at 538.

[28] *Nix*, 65 S.W.3d at 668-69.

[29] *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001). *See also Nix*, 65 S.W.3d at 669-70.

exception in 2001,[30] but we have said that a claim that a sentence is illegal may be raised at any time.[31] Assuming, without deciding, that an illegal-sentence claim is an exception to our abrogation of the habeas corpus exception, appellant's claim would still fail. First, appellant failed to litigate the matter at the revocation hearing, so the habeas corpus exception does not apply.[32] Second, the rationale for the habeas corpus exception was basically to allow a defendant to litigate his habeas claim early, for purposes of judicial economy.[33] Because the habeas corpus exception essentially involves the litigation of a writ of habeas corpus,[34] the habeas requirement to show harm would apply. As explained above, applicant does not claim that error in his conviction is harmful under *Parrott*; he claims that the court of appeals was wrong to rely on *Parrott*. We reject that claim.[35]

We affirm the judgment of the court of appeals.

Delivered: October 5, 2016
Publish

---

[30] *Jordan*, *supra* at 786. *See also Nix*, *supra* at 670.

[31] *Rich*, 194 S.W.3d at 511.

[32] *See Nix*, 65 S.W.3d at 670 & n. 26 (noting that courts of appeals do not have original habeas corpus jurisdiction).

[33] *Jordan*, 54 S.W.3d at 785; *Nix*, 65 S.W.3d at 669-70.

[34] *See Jordan*, *supra*; *Nix*, *supra* at 669.

[35] In rejecting appellant's claim, we do not imply that it would have otherwise had merit. The "ENH F3"notation in the heading of the indictment may well have been sufficient to confer at least some (defective) notice of a prior conviction, *see Miles v. State*, 379 S.W.3d 629, 637 & n.31(Tex. Crim. App. 2011) and *Kirkpatrick v. State*, 279 S.W.3d 324, 329 (Tex. Crim. App. 2009), appellant's waiver of defects in the indictment may have waived any complaint regarding lack of notice, and appellant's references to having prior trouble with registration are at least some evidence that he had a prior conviction.