# NO. 12-17-00384-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAIME MOJICA-HERNANDEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jaime Mojica-Hernandez appeals the trial court's judgment revoking his community supervision for felony driving while intoxicated. Appellant raises four issues on appeal. We affirm.

### BACKGROUND

On June 21, 2014, Trooper David Anthony, with the Texas Department of Public Safety, was on patrol on Highway 271 in Smith County, Texas, when he observed a pickup truck driving well below the speed limit. Trooper Anthony noted that the truck's slow speed of travel was unusual, but not a traffic violation. However, Trooper Anthony then observed the truck cross over a couple of inches onto the shoulder of the highway. He initiated a traffic stop of the truck for traveling on the improved shoulder, a traffic violation.

Trooper Anthony identified Appellant as the driver of the truck. Appellant admitted to Trooper Anthony that he drank several beers. Trooper Anthony further saw a beer in the center console of the truck. He observed that Appellant had blood shot eyes, his breath smelled of alcohol, and he stumbled somewhat as he made his way to the rear of the vehicle. Trooper Anthony conducted standardized field sobriety tests on Appellant, who exhibited several clues of intoxication.

Appellant was arrested for driving while intoxicated. Appellant refused to submit a blood or breath sample. Trooper Anthony obtained a search warrant for Appellant's blood, and a sample was obtained. Laboratory testing indicated Appellant's blood alcohol content was 0.088.

Appellant was charged by indictment with felony driving while intoxicated, because he had two previous convictions for driving while intoxicated.[1] Appellant entered a plea of "not guilty" and the case proceeded to a jury trial. The jury found Appellant "guilty" and, on August 12, 2015, the trial court sentenced Appellant to ten years of imprisonment, but probated his sentence and placed him on community supervision.[2]

In October 2017, the State filed a motion to revoke Appellant's community supervision based on several alleged violations of the terms and conditions of Appellant's community supervision. On December 4, Appellant pleaded "true" to the State's allegations. The trial court found the allegations "true" and entered a judgment revoking Appellant's probation and imposing his original sentence of ten years of imprisonment. This appeal followed.

### ISSUES RELATED TO ORIGINAL CONVICTION

Appellant raises four issues on direct appeal from the trial court's judgment revoking his community supervision. All four issues relate to alleged errors made at his trial that led to his original conviction, rather than to the revocation of his community supervision. In his first issue, Appellant contends that the evidence is legally insufficient to support the probable cause finding for the initial traffic stop. In his second issue, Appellant asserts that the evidence is legally insufficient to support the judgment of conviction. In his third issue, Appellant contends that the trial court erred in denying his motion for directed verdict. Finally, in his fourth issue, Appellant argues that the trial court erred in denying his timely request for a jury instruction on probable cause.

#### Discussion

Generally, an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is, thus, not allowed. ***Wright v. State***, 506 S.W.3d 478, 481 (Tex. Crim.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04; 49.09(b) (West 2011 and West Supp. 2017).

[2] On September 4, Appellant filed a motion for new trial alleging that the verdict was contrary to the evidence. The record does not reflect that the trial court ruled on the motion. No direct appeal was taken from the August 12 judgment of conviction.

App. 2016). In the "regular" community supervision context, sentence is assessed when a defendant is placed on probation and, thus, any issues related to the original judgment of conviction must be challenged at that time.[3] *See id.*; *see also* **Manuel v. State**, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999) ("We have long held that a defendant placed on 'regular' community supervision may raise issues relating to the conviction, such as evidentiary sufficiency, only in appeals taken when community supervision is originally imposed."). Potential exceptions to this rule apply when the original judgment of conviction is void or imposes an illegal sentence. *See* **Wright**, 506 S.W.3d at 481–82. For the void judgment exception to apply, the appellant must raise an issue that renders the original judgment of conviction void. *Id.* In such circumstances, the original judgment of conviction must be rendered a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.*

Here, Appellant does not argue that any of his issues fall within the void judgment exception or that he was subjected to an illegal sentence. All four of his issues allege errors relating to his original conviction, not to the revocation of his community supervision. Appellant was obligated to raise those issues when he was sentenced to community supervision. *See* **Wright**, 506 S.W.3d 481. His attempt to raise issues relating to the original conviction on direct appeal from the trial court's judgment revoking his community supervision is an unpermitted collateral attack. *See Id.* Accordingly, we overrule Appellant's four issues.

## DISPOSITION

Having overruled Appellant's four issues, we **affirm** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered June 20, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] "Regular" community supervision is defined as "when a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and the imposition of sentence is suspended in whole or in part." *See* TEX. CODE CRIM. PROC. art. 42A.001 (1)(B) (West 2018). Upon revocation of regular community supervision, "the judge may proceed to dispose of the case as if there had been no community supervision" or the judge may reduce the term of confinement if it is determined to be in the best interest of society and the defendant. *See id.* art. 42A.755 (a)(1)-(2) (West 2018); *see also* **Ex parte Huskins**, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005) (contrasting deferred adjudication with regular community supervision).

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 20, 2018

NO. 12-17-00384-CR

**JAIME MOJICA-HERNANDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1465-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*