

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00387-CR

_____

RAFID AHMED GHENI OBAIDA, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1388085D

Before Meier, Gabriel, and Pittman, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Rafid Ahmed Gheni Obaida appeals from the judgment adjudicating his guilt after he violated the terms of his community supervision. In a sole issue, he argues that his initial guilty plea to the underlying offense was involuntary based on incorrect sentencing admonishments, rendering the subsequent adjudication a nullity. Because Obaida may not attack his prior guilty plea in an appeal from the subsequent adjudication proceeding, we affirm the trial court's judgment adjudicating his guilt.

On December 4, 2014, a grand jury indicted Obaida with intentionally or knowingly causing bodily injury to an elderly individual, a third-degree felony. *See* Tex. Penal Code Ann. § 22.04(a), (f) (West Supp. 2018). During the proceedings, Obaida's mental health became an issue, leading to a court-ordered competency examination, a judgment of mental incompetency, and a subsequent return to competency. On October 12, 2015, shortly after he was declared competent, Obaida pleaded guilty under a plea-bargain agreement with the State. The written plea admonishments reflect that the trial court instructed Obaida that the charged offense carried a "third degree felony enhanced" punishment range—two to twenty years' confinement—instead of the correct range applicable to the charged third-degree felony—two to ten years' confinement. *See* Tex. Penal Code Ann. §§ 12.33–.34 (West 2011), § 12.42 (West Supp. 2018). In accordance with the State and Obaida's plea-bargain agreement, the trial court accepted Obaida's plea, deferred adjudicating his guilt, and placed him on three years' community supervision. The trial court certified

2

that Obaida had no right to appeal the deferred-adjudication order. *See* Tex. R. App. P. 25.2(a)(2), (d).

On May 5, 2017, the State filed a petition to adjudicate Obaida's guilt, alleging that he had committed a new offense while on community supervision, had failed to report to the community-supervision department, and had failed to pay the required community-supervision fees. Again, Obaida's competency was questioned and he was committed until he was restored to competency on October 27, 2017.

On November 6, 2017, the trial court held an evidentiary hearing on the allegations in the State's petition to adjudicate, to which Obaida pleaded not true. After the State and Obaida presented witness testimony, the trial court continued the hearing until November 13 so the State could secure the presence of two additional witnesses. On November 13, Obaida filed a motion to set aside his prior guilty plea and argued that the trial court's 2015 punishment-range admonishments were incorrect, rendering his guilty plea involuntary. The trial court concluded the hearing on the State's petition on November 13 but continued its decision until November 15 to allow the State to respond to Obaida's motion to set aside. On November 15, Obaida testified that his 2015 guilty plea had been "force[d]" because his attorney counseled him that the alternative would be a ten-year sentence. The trial court denied Obaida's motion to set aside. The trial court then found that Obaida had violated the conditions of his community supervision by committing a new offense and by failing to report, adjudged him guilty of injury to an elderly individual, and

3

sentenced him to two years' confinement. The trial court certified that Obaida had the right to appeal the adjudication of his guilt. Obaida's motion for new trial was deemed denied, and he noticed his intent to appeal the trial court's judgment. *See* Tex. R. App. P. 21.8(c).

On appeal, Obaida argues that his 2015 guilty plea was involuntary based on the trial court's incorrect admonishments regarding the applicable punishment range, which was harmful based on his history of mental incompetence. Obaida's issue is directed solely to the validity of the deferred-adjudication order. The general rule is that a defendant placed on deferred adjudication community supervision may not raise issues related to the original plea in an appeal from a subsequent adjudication proceeding. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

There are two historical exceptions to this rule: (1) the void-judgment exception and (2) the habeas-corpus exception. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016). A defendant's claim that his original guilty plea was involuntary does not render the order placing him on deferred adjudication community supervision void. *See Nix v. State*, 65 S.W.3d 664, 667–69 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Balderamos v. State*, No. 02-13-00121-CR, 2014 WL 982352, at *2 (Tex. App.—Fort Worth Mar. 13, 2014, no pet.) (mem. op., not designated for publication). Because Obaida does not raise a claim that would render the deferred-adjudication judgment void, he cannot

now attack that judgment in his appeal from the adjudication judgment under the void-judgment exception.

The habeas-corpus exception, to the extent it remains valid, recognizes that "a claim that a sentence is illegal may be raised at any time." *Wright*, 506 S.W.3d at 482. Although Obaida filed a motion to set aside the judgment placing him on community supervision, he did not claim that his sentence was illegal. The habeas-corpus exception does not apply. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006); *Martinez v. State*, No. 10-14-00291-CR, 2016 WL 1274807, at *1 & n.2 (Tex. App.—Waco Mar. 31, 2016, no pet.) (mem. op., not designated for publication).

Accordingly, we overrule Obaida's appellate issue and affirm the trial court's judgment adjudicating his guilt.

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 25, 2018