**Opinion filed August 31, 2022**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-20-00021-CR & 11-20-00024-CR

_____

### JESSE ALAN LEBARRON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR49073 & CR49754**

### M E M O R A N D U M   O P I N I O N

Appellant, Jesse Alan LeBarron, pleaded guilty to three counts of sexual assault of a child (CR49073) and to one count of possession of more than five pounds but less than fifty pounds of marihuana (CR49754).  *See* TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2021); TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(4) (West Supp. 2021).  Pursuant to a negotiated plea agreement, the trial court deferred the adjudication of Appellant's guilt in both causes and placed

Appellant on community supervision for a period of ten years in CR49073 (Cause A) and for a period of five years in CR49754 (Cause B).

Subsequently, the State moved to adjudicate Appellant's guilt in both causes, alleging that he had violated various conditions of his community supervision.[1] Appellant pleaded "not true" to the State's allegations. After it found the allegations in the State's motions to be true, the trial court adjudicated Appellant guilty of both offenses, revoked his community supervision, and sentenced Appellant to imprisonment for (1) ten years, on each count, in the Institutional Division of the Texas Department of Criminal Justice (TDCJID) in Cause A and (2) five years in the TDCJID in Cause B. Appellant's sentences in both causes were ordered to be served concurrently.

On appeal, Appellant raises six issues in which he challenges the original plea proceedings in both causes.[2] With respect to Cause A, Appellant contends that (1) the trial court did not allow an affirmative defense available to him; (2) the trial court excluded exculpatory evidence; and (3) the State breached an obligation to inform the trial court of the existence of the affirmative defense and exculpatory evidence. With respect to Cause B, Appellant contends that (1) the trial court did not ascertain actual possession of the marihuana; (2) the trial court excluded evidence of physical impossibility; and (3) the State breached an obligation to inform the trial court of the existence of exculpatory evidence. Because we lack jurisdiction to consider any of the issues that Appellant now raises, we dismiss these appeals.

---

[1]In Cause A, the State alleged (1) ten violations of the terms of Appellant's community supervision as to Count I of the indictment and (2) nine violations of the terms of his community supervision as to Counts II and III. In Cause B, the State alleged three violations of the terms of his community supervision.

[2]Initially, the trial court appointed appellate counsel to represent Appellant. We abated these appeals to allow Appellant to retain appellate counsel of his choice and later reinstated these appeals after new counsel retained by Appellant appeared on appeal.

## I. *Analysis*

A defendant who is placed on deferred adjudication community supervision may raise issues relating to his original plea proceeding *only* in a direct appeal that is taken when deferred adjudication is first imposed in the trial court. *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999); *Schibi v. State*, 635 S.W.3d 461, 464–65 (Tex. App.—Eastland 2021, no pet.). Issues relating to the original plea proceeding may *not* be raised in a later appeal that challenges an order adjudicating guilt and revoking community supervision. *Manuel*, 994 S.W.2d at 661–62. In other words, "an appellant will not be permitted to raise on [an] appeal from the revocation of his community supervision any claim that he could have brought on an appeal from the original imposition of that community supervision." *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013); *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015) (reiterating that failure to raise issues available to appellant in a direct appeal from the initial judgment "results in procedural default") (citing *Wiley*, 410 S.W.3d at 320–21; *Manuel*, 994 S.W.2d at 661–62). Therefore, in a direct appeal from a revocation proceeding, the defendant is generally limited to challenging the bases for the revocation. *See Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.").

In the matters before us, it is clear that Appellant is asserting issues that are directly, and only, related to his original plea proceedings. In fact, Appellant states in his brief in each cause: "This appeal is a direct attack on the Judgment Deferring Adjudication of Guilt and the Judgment Revoking Community Supervision and Adjudicating Guilt based on the improper exclusion of [evidence] available to [Appellant] *at the time of entering his plea*" (emphasis added). Appellant did not file an appeal to challenge the imposition of his community supervision in either plea proceeding, or any other issue related to it, until *after* the trial court had

adjudicated his guilt and revoked his community supervision in both causes. Here, the challenges that Appellant now raises are what *Manuel* and its progeny specifically prohibit.

Because the appeals before us arise from Appellant's revocation/adjudication proceedings, and because the issues raised by Appellant here only challenge the disposition of his original plea proceedings, his efforts constitute an impermissible collateral attack on the trial court's original Orders of Deferred Adjudication. *See Manuel*, 994 S.W.2d at 661–62; *Schibi*, 635 S.W.3d at 466.

## II. *This Court's Ruling*

We dismiss these appeals for want of jurisdiction.[3]


W. STACY TROTTER

JUSTICE

August 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[3]We note that the proper remedy for pursuing the issues that Appellant has raised in these appeals is by writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.