

# NUMBER 13-22-00561-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DERLY DELAGARZA,                                           **Appellant,**

**v.**

THE STATE OF TEXAS,                                          **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Silva and Peña
### Memorandum Opinion by Justice Silva

Appellant Derly Delagarza pleaded guilty pursuant to a plea bargain agreement to one count of aggravated assault causing serious bodily injury, and one count of family-violence assault, impeding breath or circulation, *see* TEX. PENAL CODE ANN. §§ 22.02(a)(1), 22.01(b)(2)(B), offenses enhanced to first-and second-degree felonies, respectively, by appellant's prior felony conviction. *See id.* §§ 12.42(a), 12.425(a).

Appellant was placed on deferred adjudication community supervision, which the trial court subsequently revoked and thereafter adjudicated appellant guilty. *See* TEX. CODE CRIM. PROC. arts. 42a.101–.111. Appellant was sentenced in each count to twenty years' incarceration. By a single issue, and challenging only his family-violence assault conviction, appellant argues the trial court erred in sentencing him outside the maximum punishment range. We affirm.

## I.     BACKGROUND

Appellant entered into a plea bargain agreement on August 2, 2021. Although appellant's indictment contained a punishment enhancement provision, as did appellant's written judicial confession and stipulation and certification of discovery, appellant's signed plea agreement contained no enhancement provision. Moreover, appellant's written admonishments on the range of punishment indicated appellant was pleading guilty to a third-degree felony punishable by a term of imprisonment not to exceed ten years. The portion of the form concerning an option for "Enhanced Punishments under the [Texas] Penal Code" was left unmarked.

At a hearing on appellant's plea submission, however, the following colloquy transpired between the trial court, appellant, and appellant's counsel:

| | |
|---|---|
| THE COURT: | Do you recall [written admonishments] being explained to you? |
| [THE DEFENDANT]: | Yes. |
| [DEFENSE COUNSEL]: | He hasn't actually seen those documents, Your Honor. We did discuss those on the phone. |
| THE COURT: | All right. And you gave permission to your attorney to sign on your behalf, is that correct? |

2

| | |
|---|---|
| [THE DEFENDANT]: | Yes, ma'am, I sure did. |
| THE COURT: | Now having signed those documents with your attorney's permission, you have waived important rights. One of those rights is to have a jury decide your case. Do you understand that? |
| [THE DEFENDANT]: | Yes, ma'am. |
| THE COURT: | And so are we going with RFO on both counts? One count? What are we doing? |
| [DEFENSE COUNSEL]: | I'm sorry, Your Honor? |
| THE COURT: | He is under repeat felony offender. |
| [DEFENSE COUNSEL]: | Yes, Your Honor, I believe it is as charged. |
| THE COURT: | As charged. So you understand the range of punishment for both these counts, Mr. De[lagarza]? |
| [THE DEFENDANT]: | Yes, ma'am. |

The trial court thereafter accepted appellant's pleas of true as to the enhancement paragraphs and guilty pleas to the counts as indicted, deferred findings of guilt, and placed appellant on a term of community supervision on both counts.

On September 6, 2022, the State filed a second[1] original motion to revoke and adjudicate appellant guilty. The State alleged that appellant violated the terms of his community supervision by testing positive for amphetamines, failing to report to his community supervision officer after being released from an inpatient sanction facility in

---

[1] On January 12, 2022, four months after being placed on community supervision, the State filed a motion to revoke and adjudicate guilt. The motion alleged sixty-five violations of certain terms and conditions of his community supervision. Appellant pleaded true, and the trial court found the appellant had violated certain terms and conditions and ordered appellant to continue probation.

July, failing to install a Global Positioning System (GPS) electronic monitor device, and failing to refrain from contacting the complainant.[2]

At a hearing on the State's motion, appellant pleaded true to the allegations, and the trial court found the allegations to be true, revoked appellant's community supervision, and sentenced him in each count to twenty years' incarceration, with the sentences to be served concurrently. While assessing appellant's punishment, the trial court noted that the underlying judgment of deferred adjudication indicated appellant had pleaded true to the enhancement paragraph as indicted, making appellant a repeat felony offender. *See id.* §§ 12.42(a), 12.425(a). There were no objections from appellant. This appeal followed.

## II.  ENHANCEMENT

By a single issue, appellant asserts:

Th[e] judgment is void as (1) there is no indication that the [appellant] was aware of the range of punishment for the offenses, with every indication he was pleading guilty to only a third-degree range of punishment, no repeater status; and (2) there is no indication in the plea paperwork or judgment that the range of punishment had been enhanced . . . which means that a twenty-year sentence for Count 2 exceeds the maximum range of punishment.

We construe appellant's issue as arguing that his guilty plea was involuntary, and the judgment therefore void, because he was inaccurately admonished about the applicable punishment range.

Significantly, as the State notes in its brief, appellant does not provide argument or cite authority to support an involuntary plea claim under either the Due Process Clause

---

[2] Appellant was alleged to have made sixty-three calls to the complainant during a three-month period.

4

or article 26.13 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1) (requiring that the trial court shall admonish the defendant of the range of the punishment attached to the offense prior to accepting a plea of guilty); *see generally Davison v. State*, 405 S.W.3d 682, 687 (Tex. Crim. App. 2013) (noting that "any claim that the trial court failed to follow the mandate of [article 26.13] is separate from the claim that the guilty plea was accepted in violation of due process"). At our sole discretion, our analysis proceeds with an inquiry into both grounds.

As previously mentioned, article 26.13 mandates that "[p]rior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of . . . the range of the punishment attached to the offense." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(1). The trial court may do so "either orally or in writing." *Id.* art. 26.13(d). A trial court's substantial compliance with this requirement "is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c). The failure to give article 26.13 admonishments is non-constitutional error and "subject to a harmless error analysis under Texas Rule of Appellate Procedure 44.2(b), which examines whether the defendant's substantial rights were affected." *Loch v. State*, 621 S.W.3d 279, 281–82 (Tex. Crim. App. 2021); *Davison*, 405 S.W.3d at 688 ("Indeed, because [an alleged violation of article 26.13(a)] is predicated solely upon a statutory violation, the standard for determining harm that pertains to claims of non-constitutional error applies—Rule 44.2(b)."). Rule 44.2(b) provides that "[a]ny other error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). To

decide whether appellant's substantial rights were affected, we "independently examine the record as a whole." *Loch*, 621 S.W.3d 282.

Here, the record contains no affirmative showing by appellant that he was unaware of the consequences of his plea. The record is without evidence that appellant was misled or harmed by the incorrect written admonishments as he never read the admonishments at-issue. *See Aguirre-Mata v. State*, 125 S.W.3d 473, 476–77 (Tex. Crim. App. 2003) (finding harmless error under article 26.13 because "[t]he record contains references to the correct punishment range and there is nothing in the record that shows appellant was unaware of the consequences of his plea or that he was misled or harmed"); *see also Estrada v. State*, No. 13-23-00175-CR, 2023 WL 5624100, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2023, no pet.) (mem. op., not designated for publication) (same). To the contrary, as noted above, the record affirmatively demonstrates that appellant was informed of the enhanced punishment range before the trial court accepted his pleas of true to the enhancement paragraphs and his guilty pleas. Thus, any error under article 26.13 regarding the incorrect written admonishments was rendered harmless.

Meanwhile, for an appellant to prevail on a constitutional due process claim, "it is not enough that the record is unrevealing with respect to whether he was admonished by the trial court; the record must also be silent with respect to whether he was *otherwise* provided, or nevertheless aware of, the requisite information to render his guilty plea voluntary and intelligent." *Davison*, 405 S.W.3d at 687. Having already concluded that appellant was informed of the enhanced punishment range before the trial court accepted

his pleas of true to the enhancement paragraphs and his guilty pleas, we find this sub-issue unavailing. *See id*.

Finally, with regard to appellant's generalized "void judgment" assertions, we note that appellant "presented no evidence revealing any legal impediment to the use of his prior felony convictions for enhancement purposes." *See Ex parte Parrott*, 396 S.W.3d 531, 536–37 (Tex. Crim. App. 2013). It is undisputed that appellant entered into a plea-bargain agreement with the State. Appellant, as the appellant in *Parrott*, was admonished as to the range of punishment supported by his criminal history—to which he pleaded true. *Id.*; *see generally Wood v. State*, 486 S.W.3d 583, 587 (Tex. Crim. App. 2016). Because the entirety of the record supports a second-degree punishment, even assuming the trial court erred in its written admonishment, appellant has not shown that he was harmed by the error. *See Ex parte Parrott*, 396 S.W.3d at 536–37; *see generally Wright v. State*, 506 S.W.3d 478, 482 (Tex. Crim. App. 2016). We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
7th day of December, 2023.

7