

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| VICTOR ALVAREZ, | § | No. 08-23-00129-CR |
| Appellant, | § | Appeal from the |
| v. | § | 81st/218th District Court |
| THE STATE OF TEXAS, | § | of Wilson County, Texas |
| Appellee. | § | TC# 11-07-00090-CRW |

## MEMORANDUM OPINION[1]

Appellant Victor Alvarez appeals the trial court's judgment revoking his community supervision and adjudicating him guilty of the offense of indecency with a child by contact. Predominately, Alvarez contends by this appeal that he should be afforded a new trial because it is unclear—due to a missing reporter's record—whether he entered an involuntary plea when he was originally placed on deferred adjudication community supervision. On that basis, he maintains here that the order on which the trial court based its adjudication of guilt was void as a matter of law. Finding no error, we affirm.

---

[1] We hear this case on transfer from the Fourth Court of Appeals in San Antonio and apply that court's precedent as required by Tex. R. App. P. 41.3.

## FACTUAL AND PROCEDURAL BACKGROUND

Alvarez was charged by indictment with one count of indecency with a child younger than 17 years of age by contact. In 2014, Alvarez waived his rights secured by law and entered a plea of nolo contendere. The trial court entered an order of deferred adjudication placing Alvarez on community supervision for ten years. *See* Tex. Penal Code Ann. § 21.11(a)(1); Tex. Code Crim. Proc. Ann. art. 42A.101. Related thereto, the trial court certified that Alvarez had waived the right of appeal.

In 2016, the State filed a motion to adjudicate Alvarez's guilt and revoke his community supervision. The State alleged Alvarez had committed ten violations of the terms of community supervision to include his failure to report, failure to pay required fees, and failure to submit to treatment programs. The State's motion remained pending for several years. Next, in 2022, the State filed a first amended motion to adjudicate guilt and revoke community supervision alleging new violations to include that Alvarez had been charged with three new criminal offenses.

The trial court held a hearing where the State proceeded on 11 of the multiple alleged violations. The State, however, abandoned the allegations that Alvarez had committed new offenses. Alvarez pleaded "true" to all 11 violations. The community supervision officer testified that when Alvarez was placed on probation on September 29, 2014, he remained in custody until he was deported days later, on October 2, 2014. Based on several arrest reports, the officer testified that Alvarez had been back in the country since his deportation. Those arrest reports further showed that he was charged with an offense that allegedly occurred in country in September 2020, and he was arrested in March 2022. The officer confirmed that Alvarez had not contacted the probation office as of September 2020, and he had not performed any of his court-ordered probation conditions during the time he returned.

At the close of the hearing, the trial court found the State's allegations to be "true" and revoked Alvarez's community supervision. The trial court entered a judgment adjudicating guilt, sentenced him to twenty years in prison, and assessed a fine and costs against him. Alvarez appeals from the judgment rendered against him.

## ISSUES ON APPEAL

Alvarez raises three issues on appeal. In his first issue, Alvarez contends he was deprived of his due process rights because the reporter's record of his plea of nolo contendere to the charged offense that resulted in a deferred adjudication order was lost or destroyed prior to this appeal. Second, Alvarez argues the four factors provided in the Court of Criminal Appeals' decision in *Wright v. State*, 506 S.W.3d 478 (Tex. Crim. App. 2016) are not exclusive in determining a void judgment. Because Alvarez's first and second issues involve an argument against the validity of the order on deferred adjudication, we discuss those two issues first and together. Finally, in his third issue, Alvarez claims it is impossible to determine if the trial court improperly assessed court costs without a required hearing.

## ORIGINAL ORDER OF DEFERRED ADJUDICATION

In Alvarez's first two issues, he argues he is entitled to a new trial because the record of his original plea hearing of September 2014 has been lost or destroyed. Due to these circumstances, he asserts it is unclear whether or not his original order of deferred adjudication is void as a matter of law.

### A. The "void judgment" exception

Alvarez contends that without the reporter's record from his original plea, "it is impossible to determine whether or not the judgment issued by the trial court is void." He urges it is unknown whether he was represented by counsel through the entirety of his plea, whether the sentence

3

imposed in open court was properly reflected in the order of deferred adjudication, or whether there was sufficient evidence to support the order. Alvarez also contends the missing record makes it unclear on whether he was informed of the immigration ramifications when he entered his plea.

Notably, the present proceeding is a direct appeal of the revocation and adjudication proceeding, not a direct appeal from Alvarez's original plea proceeding. The Texas Court of Criminal Appeals has held that "a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Accordingly, in an appeal from a revocation proceeding, the defendant is generally limited to challenging only the grounds for revocation. *See Wright*, 506 S.W.3d at 481 ("The general rule is that an attack on the original conviction in an appeal from revocation proceeding is a collateral attack and is not allowed.").

Nonetheless, the Texas Court of Criminal Appeals has also recognized an exception to this general rule applicable when the original deferred adjudication order is void. *See Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001) (en banc). The "void-judgment" exception requires that the claimed defect be one that renders the original judgment void. *See Wright*, 506 S.W.3d at 481 (citing *Nix*, 65 S.W.3d at 667–68). In this context, void means there exists a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.* (quoting *Nix*, 65 S.W.3d at 667–68). In *Nix*, the Court listed four situations in which a judgment of conviction in a criminal case is void: (1) the document purporting to be a charging instrument does not satisfy the constitutional requisites of a charging instrument, (2) the trial court lacks subject matter jurisdiction over the offense charged, (3) the record reflects that there is no evidence (not merely insufficient evidence) to support the conviction, and (4) an indigent defendant is

4

required to face criminal trial proceedings without appointed counsel, when such has not been waived in violation of the right to counsel for indigent defendants. *See Nix*, 65 S.W.3d at 668.

Applying these principles to this appeal, Alvarez fails to establish the implication of the void-judgment exception. First, to the extent he challenges the evidence to support the deferred adjudication order, the applicable "no-evidence" standard presents a higher standard than an insufficient-evidence standard in a direct appeal. *See generally Ex parte Williams*, 703 S.W.2d 674, 679 (Tex. Crim. App. 1986). But here the record reflects that Alvarez pleaded nolo contendere to the offense of indecency with a child. "[A] guilty plea constitutes some evidence for this purpose." *See Nix*, 65 S.W.3d at 668 n.14. Because Alvarez pleaded guilty to the underlying charge, there is some evidence to support his deferred adjudication under the void judgment exception. *Id.*

Additionally, the deferred adjudication order on its face reflects that Alvarez was represented by counsel during the proceeding. Because we must assume that the missing record would support the judgment, the deferred adjudication order is not void. *See id.* at 668–69. Lastly, to the extent Alvarez contends his plea was involuntary or that he was not informed of the immigration ramifications applicable to his original plea, these complaints sound as complaints of ineffective assistance of counsel, which ordinarily do not render a judgment void. *Few v. State*, 136 S.W.3d 707, 712 (Tex. App.—El Paso 2004, no pet.) (citing *Nix*, 65 S.W.3d at 668).

As a result, we conclude that Alvarez has failed in this instance to establish the application of the void judgment exception. As a matter of law, he is barred from collaterally attacking the original plea proceeding and the resulting order of deferred adjudication. Thus, we lack jurisdiction to entertain this attempted challenge against the original order of deferred adjudication.

## B. Missing or lost record

Alvarez also contends that he is afforded a new trial due to the missing reporter's record pertaining to the September 2014 hearing. At that proceeding, he entered his original plea of nolo contendere to the charged offense. Only after he filed his notice of appeal with this Court, he discovered the reporter's record was missing and unavailable. After we abated the appeal, the trial court found that the reporter's record was lost or had been destroyed following the death of the court reporter and missing portions could not be replaced by the parties' stipulation.

An appellant is entitled to a new trial when (1) he timely requested a reporter's record, (2) a significant portion of the reporter's record was lost or destroyed through no fault of appellant, (3) the lost portion of the reporter's record is necessary to the resolution of the appeal, and (4) the parties cannot agree on a complete reporter's record. Tex. R. App. P. 34.6(f). The appellant has the burden of establishing that the missing portion of the record is "necessary to the appeal's resolution." *Issac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999) (en banc).

In *Manuel*, 994 S.W.2d at 661–62, the Court of Criminal Appeals held that a defendant placed on deferred adjudication must appeal issues relating to the original deferred adjudication proceeding when deferred adjudication is first imposed. Because Alvarez cannot in this instance challenge the original deferred adjudication proceeding, we conclude the reporter's record of that proceeding is unnecessary to the resolution of this appeal. *See Daniels v. State*, 30 S.W.3d 407, 408 (Tex. Crim. App. 2000) (en banc). Because Alvarez's complaints are all rooted in a possible involuntary plea and possible ineffective assistance of counsel claim, he merely presents unreviewable complaints in this direct appeal from the revocation order. *Id.*

Accordingly, we lack jurisdiction over Alvarez's lost reporter's record claim.

Because Alvarez does not present any other issue challenging the grounds for the revocation of his deferred adjudication community supervision, we overrule his first and second issues on appeal.

## ASSESSMENT OF COURT COSTS

In his third issue, Alvarez claims "it is impossible to determine if the trial court improperly assessed $290 in court costs without the required Tex. Code Crim. Proc. art. 42.15(a-1) hearing."[2] On this basis, Alvarez requests that the judgment of the trial court be reversed, and this cause remanded for a new trial.

Article 42.15(a-1) of the Texas Code of Criminal Procedure states:

(a-1) Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income *to immediately pay* all or part of the fine and costs. If the court determines that the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether the fine and costs should be:

(1) subject to Subsection (c), required to be paid at some later date or in a specified portion at designated intervals;

(2) discharged by performing community service . . .;

(3) waived in full or in part . . .; or

(4) satisfied through any combination of methods under Subdivisions (1)–(3).

Tex. Code Crim. Proc. Ann. art. 42.15(a-1) (emphasis added). Relatedly, Article 42.15(a-2) further provides that a defendant may waive the on-the-record inquiry.

---

[2] Alvarez's third issue only assigns error to the revocation order. However, in the first sentence of the argument portion of his brief, he focuses on the 2014 order of deferred adjudication, mentioning the assessment of a $2,000 fine and $650 in court costs. Again, we lack jurisdiction to entertain an attempted challenge against the original order of deferred adjudication. *See Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999).

7

Alvarez contends that, "after imposing a sentence in a case in which the defendant entered a plea in open court as provided by Article 27.14 or 27.16(a), a trial court must inquire on the record whether the Defendant has sufficient resources or income to immediately pay all or part of the fine and costs." The State responds in opposition based on the nature of the proceeding. As a revocation proceeding, it argues the trial court had no duty to inquire on the record about Alvarez's ability to pay. Because Article 42.15(a-1) explicitly states what types of pleas require a determination on the record, and the statutory language does not include a revocation proceeding, the State urges that the trial court did not abuse its discretion in not inquiring about his ability to pay fines and costs. Without deciding the applicability of Article 42.15(a-1) to a revocation proceeding,[3] we reject Alvarez's contention for other reasons.

In bringing his claim, Alvarez contends it is impossible to determine if the trial court properly assessed costs in this instance. He does not elaborate any further nor argue that, based on his indigency, he was harmed by the court's ruling. *See* Tex. R. App. P. 38.1(f), (i) (requiring an appellant's brief to include issues presented on appeal and to include clear and concise arguments); *see also Palacios v. State*, No. 01-18-00368-CR, 2019 WL 3418509, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, pet. ref'd) (mem. op., not designated for publication) ("[S]everal courts of appeals have held that indigence does not preclude the recovery of statutory court costs, so long as they are not required to be paid in advance."). Neither does Alvarez allege that the trial court's failure to comply with the statute prevented him from raising or developing a claim on appeal.

---

[3] We note other Courts of Appeals have considered similar complaints as this complaint brought by Alvarez in appeals from proceedings adjudicating guilt and revoking community supervision. *See Mayo v. State*, No. 07-23-00243-CR, 2024 WL 1469051, at *1 (Tex. App.—Amarillo Apr. 4, 2024, pet. filed) (rejecting appellant's request for remand for an on the record inquiry of his ability to pay when the trial court determined appellant's ability to pay and appellant did not challenge this finding); *Jones v. State*, No. 14-22-00495-CR, 14-22-00496-CR, 2024 WL 848371, at *2 (Tex. App.—Houston [14th Dist.] Feb. 29, 2024, no pet.) (same).

Despite his claims, the record here shows the trial court determined that Alvarez did not have sufficient resources or income to *immediately* pay all or part of the assessed costs of $290. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1)(1). Specifically, the judgment provides that, upon release from confinement, Alvarez is ordered to proceed without unnecessary delay to the District Clerk's office, or any other designated office to pay or arrange to pay costs due. To this extent, the record shows the trial court determined Alvarez did not have sufficient resources or income to pay costs immediately. *See Stanberry v. State*, No. 07-23-00194-CR, 2024 WL 538835, at *2 (Tex. App.—Amarillo Feb. 9, 2024, no pet.) (mem. op., not designated for publication) (determining that, where trial court ordered defendant's costs to be paid *upon release*, reflected a determination that he lacked resources or income to pay immediately). Because the determination of inability to pay immediately is apparent from the record, a remand for a "gratuitous inquiry" of this issue would be an "unnecessary exercise and a waste of judicial resources." *Id*. Accordingly, we overrule Alvarez's third issue.

### TRIAL COURT'S CERTIFICATION OF APPELLANT'S RIGHT TO APPEAL

As a final matter, we address the absence of Alvarez's signature on the required certification of Appellant's right to appeal this case. The trial court has certified Alvarez's right to appeal in this case, but the certification does not bear Alvarez's signature as required by Tex. R. App. P. 25.2(d). Accordingly, pursuant to Rule 48.4 of the Texas Rules of Appellate Procedure, the Court ORDERS Alvarez's attorney to send Alvarez a copy of this opinion and this Court's judgment, to notify Alvarez of his right to file a pro se petition for discretionary review and inform Alvarez of the applicable deadlines. *See* Tex. R. App. P. 48.4, 68. The Court further ORDERS Alvarez's attorney to comply with all of Rule 48.4's requirements.

## CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

June 24, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)