COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| BETH MARIE VICTORIA, | § | No. 08-24-00074-CR |
| Appellant, | § | Appeal from the |
| v. | § | 77th Judicial District Court |
| THE STATE OF TEXAS, | § | of Limestone County, Texas |
| Appellee. | § | (TC# 15741-A) |

### MEMORANDUM OPINION[1]

Appellant Beth Marie Victoria was charged in trial cause number 15741-A with aggravated assault with a deadly weapon.[2] Based on a plea agreement with the State, the trial court deferred adjudication of Victoria's guilt, and placed her on community supervision for a period of seven years. Subsequently, the State filed a motion to adjudicate guilt, claiming ten violations of the terms of community supervision as set forth by the court. At the hearing on the motion to

---

[1] The appeal was transferred to this Court from the Tenth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Tex. Gov't Code Ann. § 73.001. Accordingly, we apply the Tenth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

[2] In a companion case docketed in this Court as cause number 08-24-00073-CR, Victoria also filed a notice of appeal challenging the judgment in trial cause number 15740-A, which also adjudicated her guilty of an offense of aggravated assault with a deadly weapon. The trial court heard both causes together. The trial court sentenced Victoria to eight years confinement for each cause with the sentences running concurrently. By separate opinion issued on the same date as this cause, we also affirmed the judgment in trial cause number 15740-A.

adjudicate, Victoria pleaded "true" to all but one allegation. The trial court revoked Appellant's probation, convicted her of the offense for which she was charged, and sentenced her to eight years in prison. On the same day, the trial court certified Appellant had a right to appeal. In one issue on appeal, Victoria contends that trial counsel provided ineffective assistance of counsel before she entered her original guilty plea. We affirm.

## I. BACKGROUND

On April 19, 2023, a grand jury charged Victoria with committing one count of aggravated assault with a deadly weapon. Specifically, the indictment alleged that on or about February 2, 2023, Victoria intentionally or knowingly threatened David Beachum with imminent bodily injury by telling him she was going to kill him and by coming towards him while holding a knife.

On May 16, 2023, Victoria, her counsel, and the State signed a written plea agreement. As part of the agreement, Victoria entered a plea of guilty and waived her rights in exchange for the prosecutor recommending a sentence of seven years' deferred adjudication probation. Along with the plea-agreement, Victoria also signed a sworn judicial confession and stipulation of evidence whereby she pleaded guilty and stipulated that she intentionally or knowingly threatened David Beachum with imminent bodily injury on February 2, 2023. Her counsel also signed that instrument.

At her plea hearing, the trial court called cause number 15741-A, admonished her, and confirmed whether she desired to plead guilty to the charge of aggravated assault with a deadly weapon as charged by the indictment of the case. After being sworn, Victoria confirmed that she understood the paperwork she had signed, she was satisfied with the representation of her counsel, and she pleaded guilty to the charge. She also understood she had signed a jury waiver wherein she had waived her rights to a jury trial and her right to appeal that portion of the proceeding. After

the hearing concluded, the trial court entered an order of deferred adjudication providing that Victoria pleaded guilty to the offense of aggravated assault with a deadly weapon (not a firearm), and placed Victoria on community supervision for seven years. Along with the order of deferred adjudication, the trial court, Victoria, and her counsel signed a certification indicating Victoria had no right of appeal because it was a plea-bargain case.

On August 15, 2023, the State filed a motion to adjudicate guilt, alleging five violations of Victoria's terms of community supervision which included an additional offense committed against Beachum and going near his residence on multiple occasions. The State later amended its motion to allege an additional five violations which included failing to comply with her terms of probation. On February 22, 2024, the trial court held a hearing on the State's motion to adjudicate. Although Victoria pleaded "not true" to the first allegation—which claimed she caused bodily injury to Beachum by hitting and biting him—she otherwise pleaded "true" to the nine other allegations. At the hearing, David Beachum and several other witnesses testified on behalf of the State, while Victoria testified on her own behalf. She testified that she and Beachum had a 15-year relationship and parented nine children together, four that were hers and five that were his. She acknowledged she had been struggling with a drug addiction since the age of 18. As far as the biting incident, she testified that Beachum had been choking her so she bit him in self-defense.

Based on Victoria's plea of "true" to all but one allegation, the trial court rendered a judgment adjudicating Victoria guilty of the offense of aggravated assault with a deadly weapon (not a firearm) and sentenced her to eight years' confinement in prison.

This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In her sole issue, Victoria asserts her rights were violated by her trial counsel's ineffective assistance of counsel. Liberally construing her brief, she asserts that her trial counsel, prior to her plea in her companion case, or trial cause number 15740-A, was ineffective because counsel failed to "investigate this case," failed to advise Victoria of "the infirmity of the indictment," and failed to move to quash the indictment.

The matter before us is an appeal following Victoria's revocation and adjudication proceedings; it is not a direct appeal from her original plea proceeding. "[A] defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Such issues may not be raised here in an appeal from an order adjudicating guilt and revoking community supervision. *Id.* Rather, an appellant is generally limited to challenging the grounds for revocation. *Araujo v. State*, No. 11-20-00242-CR, 2022 WL 3092669, at *1 (Tex. App.—Eastland Aug. 4, 2022, no pet.) (mem. op., not designated for publication) (citing *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.")); *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013).

However, there are two exceptions to the general rule that an original plea of guilty cannot be attacked on the appeal of a revocation proceeding: (1) the "void-judgment" exception; *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); and (2) the "habeas corpus" exception. *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (permitting the contemporaneous filing of a

writ of habeas corpus under Article 11.08 or 11.09 of the Code of Criminal Procedure). The void-judgment exception requires that the claimed defect be one that renders an original judgment void. *See Wright*, 506 S.W.3d at 481. In this context, the voidness of a judgment means there exists a "nullity" that is "accorded no respect due to a complete lack of power to render the judgment in question." *Id.* (quoting *Nix*, 65 S.W.3d at 667–68). The habeas corpus exception provides a probationer the opportunity to litigate at the revocation hearing "any claims that would be cognizable on a writ of habeas corpus." *Jordan*, 54 S.W.3d at 785. However, as a prerequisite to invoking the exception, Appellant must have filed an application for a writ of habeas corpus— with a cognizable claim—*before* the revocation proceeding commenced and must have *attempted to litigate* the issues before the trial court at the revocation hearing. *Nix*, 65 S.W.3d at 670; *Jordan*, 54 S.W.3d at 786; *see also Ludwig v. State*, No. 08-22-00078-CR, 2023 WL 2658039, at *2 (Tex. App.—El Paso Mar. 27, 2023, no pet.) (mem. op., not designated for publication) (recognizing the abrogation of the habeas corpus exception invoked by use of a "functional" writ alone; but observing—as the Court of Criminal Appeals did in *Jordan*—that "[n]othing prevents the probationer from filing an Article 11.08 or 11.09 writ application after the State has filed a motion to revoke[.]").

Importantly, Victoria does not assert that her trial counsel was ineffective during her revocation proceeding. Also, Victoria does not challenge her counsel's effectiveness during the original proceeding in which she pleaded guilty in this trial cause number 15741-A. Rather, Victoria challenges her trial counsel's performance in the underlying plea of trial cause number 15740-A, the other cause which we addressed in the appeal docketed in cause number 08-24-00073-CV. Specifically, Victoria raises an argument that the indictment in cause number 15740-A was void as it alleged an offense date outside the statute of limitations.

To the extent that Victoria does not challenge counsel's performance in trial cause number 15741-A, she does not show how the original order of deferred adjudication is void, in accordance with the void-judgment exception. As a matter of law, she is barred from collaterally attacking the original plea proceeding and the resulting order of deferred adjudication. *See Wright*, 506 S.W.3d at 481. We lack jurisdiction to entertain this attempted challenge against the original order of deferred adjudication and overrule Victoria's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.

GINA M. PALAFOX, Justice

February 12, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)